ORIGINAL

1  HELANE L. MORRISON (Cal. Bar No. 127752)
   MARC J. FAGEL (Cal. Bar No. 154425)
2  CARY S. ROBNETT (Cal. Bar No. 160585)
   ROBERT S. LEACH (Cal. Bar No. 196191)
3   leachr@sec.gov
   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
4   schneidere@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
7  Telephone: (415) 705-2500
   Facsimile: (415) 705-2501

8

9

FILED

DEC 0 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-filing

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13  SECURITIES AND EXCHANGE COMMISSION,   Case No. CV 07    6121

14              Plaintiff,

15       v.                              CONSENT OF DEFENDANT JOHN F.
                                         GIFFORD TO ENTRY OF FINAL JUDGMENT
16  MAXIM INTEGRATED PRODUCTS, INC. and
    JOHN F. GIFFORD,

17

18              Defendants.

19                    CONSENT OF JOHN F. GIFFORD

20       1.       Defendant John F. Gifford ("Defendant") waives service of a summons and the

21  complaint in this action, enters a general appearance, and admits the Court's jurisdiction over

22  Defendant and over the subject matter of this action.

23       2.       Without admitting or denying the allegations of the complaint (except as to personal

24  and subject matter jurisdiction, which Defendant admits), Defendant hereby consents, solely for the

25  purpose of this proceeding, and any other proceeding brought by or on behalf of the Securities and

26  Exchange Commission ("Commission") or in which the Commission is a party, to the entry of the

27                              1

28

1  final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference

2  herein, which, among other things:

3        (a)    permanently restrains and enjoins Defendant from violation of 17(a)(3) of the

4  Securities Act of 1933 ("Securities Act") and Section 14(a) of the Securities Exchange Act of 1934

5  ("Exchange Act") and Rule 14a-9 thereunder, and aiding and abetting violations of Section 13(a),

6  13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13, and

7  14a-9 thereunder;

8        (b)    orders Defendant to pay disgorgement in the amount of $536,692, plus

9  prejudgment interest thereon in the amount of $115,989; and

10        (c)    orders Defendant to pay a civil penalty in the amount of $150,000 under

11  Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15

12  U.S.C. § 78u(d)(3)].

13      3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement

14  or indemnification from any source, including but not limited to payment made pursuant to any

15  insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final

16  Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution

17  fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim,

18  assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any

19  penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such

20  penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit

21  of investors.

22      4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule

23  52 of the Federal Rules of Civil Procedure.

24      5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the

25  Final Judgment.

26

27

28

2

SEC v. MAXIM INTEGRATED PRODUCTS, INC., ET AL.
CONSENT TO ENTRY OF FINAL JUDGMENT.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding

3

before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

4

Dated: _10/1/07_

_____
John F. Gifford

On _10/1_, 2007, _John Gifford_, a person known to me, personally

appeared before me and acknowledged executing the foregoing Consent.


_Merlyn A Taggert_
_____
Notary Public
Commission expires:

```
MERLYN A. TAGGERT
Commission # 1681327
Notary Public - California
Santa Barbara County
My Comm. Expires Jul 15, 2010
```

Approved as to form:



_____
David Siegel, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: 310.277.1010
ATTORNEY FOR DEFENDANT JOHN F. GIFFORD

5

SEC v. Maxim Integrated Products, Inc., et al.
Consent to Entry of Final Judgment.