1   HELANE L. MORRISON (Cal. Bar No. 127752)
2   MARC J. FAGEL (Cal. Bar No. 154425)
    CARY S. ROBNETT (Cal. Bar No. 160585)
3   ROBERT S. LEACH (Cal. Bar No. 196191)
    leachr@sec.gov
4   ERIN E. SCHNEIDER (Cal. Bar No. 216114)
    schneidere@sec.gov
5
  Attorneys for Plaintiff
6   SECURITIES AND EXCHANGE COMMISSION
  44 Montgomery Street, Suite 2600
7   San Francisco, California 94104
  Telephone: (415) 705-2500
8   Facsimile: (415) 705-2501

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN JOSE DIVISION

13

14   SECURITIES AND EXCHANGE COMMISSION,     Case No. CV 07 6121

15           Plaintiff,

16      vs.                  [PROPOSED] FINAL JUDGMENT AS TO
                            DEFENDANT MAXIM INTEGRATED
17   MAXIM INTEGRATED PRODUCTS, INC.,      PRODUCTS, INC.

18           Defendant.

19

20         [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT MAXIM INTEGRATED
                         PRODUCTS, INC.
21

22      The Securities and Exchange Commission having filed a Complaint and Defendant Maxim

23   Integrated Products, Inc. having entered a general appearance; consented to the Court's jurisdiction

24   over Defendant and the subject matter of this action; consented to entry of this Final Judgment

25   without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

26   findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

27                            I.

28

1    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

2    agents, servants, employees, attorneys, and all persons in active concert or participation with them

3    who receive actual notice of this Final Judgment by personal service or otherwise are permanently

4    enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of

5    1933 ("Securities Act") [15 U.S.C. § 77q(a)] by:

6        1.  employing any device, scheme, or artifice to defraud;

7        2.  obtaining money or property by means of any untrue statement of a material fact or any

8            omission to state a material fact necessary in order to make the statements made, in light

9            of the circumstances under which they were made, not misleading; or

10       3.  engaging in any transaction, practice, or course of business which operates or would

11           operate as a fraud or deceit upon the purchaser,

12   in the offer or sale of any securities by the use of any means or instruments of transportation or

13   communication in interstate commerce, or by use of the mails.

14                                              II.

15       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

16   agents, servants, employees, attorneys, and all persons in active concert or participation with them

17   who receive actual notice of this Final Judgment by personal service or otherwise are permanently

18   enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities

19   Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-

20   5] thereunder by:

21       1.  employing any device, scheme, or artifice to defraud;

22       2.  making any untrue statement of a material fact or omitting to state a material fact

23           necessary in order to make the statements made, in the light of the circumstances

24           under which they were made, not misleading; or

25       3.  engaging in any act, practice, or course of business which operates or would operate as

26           a fraud or deceit upon any person,

27

28

-2-                    FINAL JUDGMENT AS TO MAXIM INTEGRATED
                                      PRODUCTS, INC.

1  in connection with the purchase or sale of the securities of any issuer, by the use of any means or

2  instrumentality of interstate commerce, or of the mails, or of any facility of any national securities

3  exchange.

4                                                            III.

5          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

6  agents, servants, employees, attorneys, and all persons in active concert or participation with them

7  who receive actual notice of this Final Judgment by personal service or otherwise are permanently

8  enjoined and restrained from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and

9  Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-

10 1, 240.13a-11, and 240.13a-13] by failing, with respect to any issuer which has a class of securities

11 registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the

12 Exchange Act [15 U.S.C. § 78o], to file with the Commission such accurate and complete

13 information, reports, and documents as are required to be filed with the Commission pursuant to

14 Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the Commission's rules thereunder,

15 including but not limited to, quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by

16 Commission Rule 13a-13 [17 C.F.R. § 240.13a-13], current reports on Form 8-K [17 C.F.R. §

17 249.308] as prescribed by Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], and annual reports on

18 Form 10-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-1 [17 C.F.R. § 240.13a-1],

19 such information and documents to contain, in addition to such information as is expressly required

20 to be included in a statement or report to the Commission, such further material information; if any,

21 as may be necessary to make the required statements, in the light of the circumstances under which

22 they are made, not misleading, as prescribed by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

23                                                            IV.

24         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

25 agents, servants, employees, attorneys, and all persons in active concert or participation with them

26 who receive actual notice of this Final Judgment by personal service or otherwise are permanently

27 enjoined and restrained from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §

28 78m(b)(2)(A)] by failing, with respect to any issuer which has a class of securities registered pursuant

                                                        -3-        FINAL JUDGMENT AS TO MAXIM INTEGRATED
                                                                                   PRODUCTS, INC.

1  to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C.

2  § 78o], to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly

3  reflect the transactions and dispositions of the assets of the issuer.

4                                                  V.

5       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

6  agents, servants, employees, attorneys, and all persons in active concert or participation with them

7  who receive actual notice of this Final Judgment by personal service or otherwise are permanently

8  enjoined and restrained from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. §

9  78m(b)(2)(B)] by failing, with respect to any issuer which has a class of securities registered pursuant

10  to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or Section 15(d) of the Exchange Act [15 U.S.C.

11  § 78o], to devise and maintain a system of internal accounting controls sufficient to provide

12  reasonable assurances that:

13            A.      transactions are executed in accordance with management's general or specific

14  authorization;

15            B.      transactions are recorded as necessary (i) to permit preparation of financial

16  statements in conformity with generally accepted accounting principles or any other criteria

17  applicable to such statements, and (ii) to maintain accountability for assets;

18            C.      access to assets is permitted only in accordance with management's general or

19  specific authorization; and

20            D.      the recorded accountability for assets is compared with the existing assets at

21  reasonable intervals and appropriate action is taken with respect to any differences.

22                                                 VI.

23       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

24  agents, servants, employees, attorneys, and all persons in active concert or participation with them

25  who receive actual notice of this Final Judgment by personal service or otherwise are permanently

26  restrained and enjoined from violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and

27  Rule 14a-9 promulgated thereunder [17 C.F.R. § 240.14a-9] by making or causing to be made

28  solicitations by means of a proxy statement, form of proxy, notice of meeting, or other

1    communication, written or oral, containing a statement which, at the time and in the light of the

2    circumstances under which it was made, was false or misleading with respect to any material fact, or

3    which omitted to state any material fact necessary in order to make the statements therein not false or

4    misleading or necessary to correct any statement in any earlier communication with respect to the

5    solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

6                                                VII.

7         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

8    incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall

9    comply with all of the undertakings and agreements set forth therein.

10                                               VIII.

11        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

12   jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

13                                               IX.

14        There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

15   Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

16

17   PRESENTED BY:

18

19

20   Helane L. Morrison /\j
     Marc J. Fagel
     Cary S. Robnett
21   Robert S. Leach
     Erin E. Schneider
22

23   Attorneys for Plaintiff
     SECURITIES AND EXCHANGE COMMISSION
24   44 Montgomery Street, Suite 2600
     San Francisco, California 94104
25   Telephone:  (415) 705-2500
     Fax: (415) 705-2501
26

27

28

                                         -5-        FINAL JUDGMENT AS TO MAXIM INTEGRATED
                                                                PRODUCTS, INC.

APPROVED AS TO FORM:

John Potter, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: 415.875.6600
ATTORNEY FOR DEFENDANT MAXIM INTEGRATED PRODUCTS, INC.

Dated this _23_ day of _January_, 2007    _Ronald M. Whyte_
UNITED STATES DISTRICT JUDGE

-6-